WHITE *v.* WILLIAMSON *et al.* WHITE *v.* BRADY.

The facts of the case being complicated, the evidence conflicting and the legal questions involved difficult, and there being no insolvency so as to jeopardize redress for any damage that may be sustained from the alleged trespass, there was no abuse of discretion in denying the injunction. *Judgment affirmed in both cases.*

April 17, 1893. Argued at the last term.

Petitions for injunction. Before Judge ROBERTS. Laurens county. At chambers, December 28, 1892.

By his petition in each of these cases the plaintiff prayed, that the defendants be enjoined from interfering with alleged tenants of plaintiff on certain lands or with the timber thereon, from entering upon the same, and from selling or disposing thereof; and be required to produce all writings they held relating to the land, to be decreed void, etc. Defendants set up title and possession in themselves, and alleged their solvency, as well as other defences. It is unnecessary to set forth the facts appearing in evidence.

J. H. MARTIN, PATE & BRIGHT and I. S. CHAPPELL, for plaintiff. JOHN M. STUBBS, by HARRISON & PEEPLES, for defendants.

---

HARRELL, trustee, *et al. v.* AMERICUS REFRIGERATING CO.

Whether or not the ice-making machinery and appliances were "fixtures" within the meaning of the law being, under the evidence, doubtful, and the evidence being conflicting as to whether the title to the same was in the mortgagor at the time the mortgage was executed, and also upon other material questions of fact involved, there was no error in granting the interlocutory injunction prayed for. *Judgment affirmed.*

April 17, 1893. Argued at the last term.

Petition for injunction. Before Judge FISH. Sumter county. At chambers, July 30, 1892.